Spanger v. Winter Mfg., Inc., No. 106-2-09 Wmcv (Wesley, J., Apr. 13, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
SUPERIOR COURT

| | |
|---|---|
| MICHAEL SPANGER & CHRISTINE SPANGER<br>  Plaintiffs<br><br> v.<br>Winter Manufacturing, Inc. and Winter Panel,<br>Amos Winter Realty Trust/74 Glen Orne<br>Realty Trust and Teresa Winter<br>  Defendants | WINDHAM UNIT, CIVIL DIVISION<br>Docket No. 106-2-09 Wmcv |

## ORDER DENYING PLAINTIFFS MOTION FOR PROTECTIVE ORDER & CONDITIONALLY GRANTING DEFENDANTS' MOTION TO COMPEL

This is an action by which Plaintiffs seek to domesticate and enforce a Pennsylvania judgment against Winter Manufacturing, Inc., and further seek judgment on the same grounds against Defendants Amos Winter and Glen Orne Realty Trusts and Defendant Teresa Winter. Teresa Winter is the Trustee and Beneficiary of the Realty Trusts and the sole shareholder of Winter Manufacturing, Inc. Although neither Teresa Winter nor the Realty Trusts she controls were named defendants in the Pennsylvania action, Plaintiffs allege that these Defendants are liable for payment of the judgment on an "alter-ego" or "piercing the corporate veil" theory.

After Winter Manufacturing, Inc. sought bankruptcy protection, the U.S. Bankruptcy Court for the District of Vermont granted relief from the automatic stay by order issued March 17, 2010 allowing Plaintiffs "to pursue their existing action in Windham Superior Court against 74 Glen Orne Realty Trust and/or Teresa Winter."

On Feb 8, 2011, Defendants filed a motion to compel discovery. In response, Plaintiffs seek a protective order requesting "that to prevent undue burden and expense discovery be limited to issues not already litigated in a Pennsylvania action against Winter Manufacturing which resulted in a stipulated judgment for the Plaintiffs." Defendants oppose any relief in the nature of a protective order, arguing that Plaintiffs' attempt at "offensive" use of the principles of *res judicata* to resist discovery is unsupported by any compelling authority. The Court agrees.

Plaintiffs thesis is simple, but flawed. They claim that any inquiry into the events which gave rise to the stipulated judgment in Pennsylvania is foreclosed by that judgment as a matter of issue and/or claim preclusion. Although neither Defendant Winter, nor Glen Orne Realty Trust, were parties to the foreign action, Plaintiffs rely on The Restatement (Second) of Judgments, § 59 for the proposition that a judgment entered against a closely held corporation is "conclusive upon the holder of its ownership if he actively participated in the action on behalf of the corporation, unless his interests and those of the corporation are so different that he should have opportunity to relitigate the

issue." Asserting that the stipulated Pennsylvania judgment could not possibly have been issued without Defendant Teresa Winter's consent, Plaintiffs urge that she be prevented from disclaiming it. *Id.* at *§ 59* (person not party who controls presentation on behalf of party is bound as it a party). Moreover, they further contend that a logical application of *res judicata* principles makes obvious that any discovery into the underlying issues that might have been contested in Pennsylvania is *per se* burdensome as regards the current litigation.

As Defendants point out, there are several fallacies to this reasoning. Most significantly, Plaintiffs argument to be protected from discovery presumes the very result they seek to adjudicate by the litigation, although now requesting a determination of that result in a form not suited for such presentation. In short, there is a "cart before the horse" problem. Plaintiffs' claim of *res judicata* as a grounds for seeking protection from discovery is not recognized by V.R.C.P. 26, nor any other authority cited; but see, *Mezu v. Morgan State Univ.*, 269 F.R.D. 565 (D. Md. 2010)(rejecting invocation of claimed issue/claim preclusion as proper basis for seeking a protective order under F.R.C.P. 26). More fundamentally, a request for a determination of whether the earlier judgment precludes defenses here is properly raised in a motion for summary judgment, framed as required by V.R.C.P. 56, rather than in a request for a pre-emptive protective order.

Indeed, a cursory analysis of Plaintiffs' claim of issue preclusion reveals substantive fissures, apart from the procedural shortcomings of its presentation. The cited sections of the Restatement (Second) on Judgments are far less determinative than Plaintiffs assert. § 59(3)(a) highlights the need for consideration of whether the sole shareholder's "interests and those of the corporation are so different that he should have the opportunity to relitigate the issue". As with any question of claims or issue preclusion, there must be careful inquiry as to whether the party against whom preclusion is asserted had a fair opportunity to contest the matter in the earlier proceedings. Restatement (Second) of Judgments, Reporter's Notes to Comment g (personal liability on stockholder by piercing corporate veil properly imposed only if afforded fair notice and opportunity to litigate basis for claim); see, generally, *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259 (1990).

Contrary to Plaintiffs' argument, the Court concludes that such inquiry must go beyond relying on the assumption that, as sole shareholder, Ms. Winter must have been in control of the decision to stipulate to the Pennsylvania judgment against the corporation. This follows not only based on an analysis from the principles of claims preclusion and due process, but also from the overlapping, but distinctly separate, considerations governing suits seeking to impose corporate liability on shareholders. As Plaintiffs concede, the caselaw on piercing the corporate veil in Vermont is sparse, but the pertinent authorities clearly require a more particularized showing than mere control over corporate decision making to justify disregarding the presumptions associated with doing business via the corporate form. See, *Heath v. Palmer,* 181 Vt. 545, 551 (2006), citing *Agway, Inc. v. Brooks*, 173 Vt. 259, 262 (2001) (court may pierce corporate veil only where it is necessary to prevent fraud or injustice).

2

For the reasons examined above, the Court concludes that Plaintiffs' motion for a protective order must be **DENIED**. As Defendants have argued, Plaintiffs unjustifiably made broad resort to the claim of *res judicata* as grounds for refusing to respond to interrogatories and requests to admit. Nevertheless, although Plaintiffs failed to frame their objection more narrowly, in fashioning relief with respect to Defendants' Motion to Compel, the Court will not completely disregard the fact that they likely already are in possession of much of the information which is the subject of their requests for discovery. While not taking issue with Defendants' insistence that they are entitled to reasonable discovery with respect to whether Plaintiffs can establish a basis for imposing Winter Manufacturing, Inc.'s liability on them, it was not obvious that their discovery requests are "entirely routine", or that they are entirely free from any claim of redundancy or harassment.

**WHEREFORE** it is hereby **ORDERED:**

Plaintiffs' Motion for Protective Order is **DENIED.**

Defendants' Motion to Compel is **GRANTED**; provided however, that prior to any further request for judicial enforcement, the parties will engage in a Rule 26(h) colloquy to determine whether Defendants' requests ought not be properly narrowed to information and/or documents which is not already available to them as a result of the prior dealings, including litigation, between Plaintiffs and Winter Manufacturing, Inc.

Neither party is entitled to costs, including attorneys fees.

Dated at Newfane this _____ day of _____, 2011.


_____
John P. Wesley
Superior Court Judge

3